**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VANDA PHARMACEUTICALS INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 15-919-GMS |
| v. | ) |
| | ) |
| ROXANE LABORATORIES, INC., | ) |
| | ) |
| Defendant. | ) |

**ANSWER OF DEFENDANT ROXANE LABORATORIES, INC.**

Defendant Roxane Laboratories, Inc. ("Roxane") answers the Complaint of Plaintiff

Vanda Pharmaceuticals Inc. ("Vanda") as follows:

## I.    THE PARTIES

1.      Vanda is a Delaware corporation with its principal place of business at 2200

Pennsylvania Ave NW, Washington, DC 20037.  Vanda is a pharmaceutical company that

focuses on the development and commercialization of new medicines to address unmet medical

needs, including FANAPT® (iloperidone oral tablets), for the treatment of schizophrenia.

**ANSWER:** Roxane is without knowledge or information sufficient to form a belief as to

the truth of the allegations of Paragraph 1, and on that basis denies them.

2.      On information and belief, Roxane is a Nevada corporation, with a principal place

of business at 1809 Wilson Road, Columbus, Ohio 43228.  On information and belief, Roxane is

in the business of manufacturing generic pharmaceutical drugs that it distributes and sells in the

State of Delaware and throughout the United States.

**ANSWER:** Roxane admits that it is a corporation organized and existing under the laws

of the State of Nevada, having a place of business at 1809 Wilson Road, Columbus, Ohio 43228.

Roxane admits that it is in the business of manufacturing pharmaceutical drug products for sale in the United States. Roxane denies any and all remaining allegations of Paragraph 2.

## II. NATURE OF THE ACTION

3. This is an action arising under the patent laws of the United States (Title 35, United States Code, § 100, *et seq.*) based upon Roxane's infringement of claim 1 of Vanda's U.S. Patent No. 9,138,432 ("the '432 patent"), which relates to the field of schizophrenia treatment.

**ANSWER:** Roxane admits that the Complaint purports to initiate an action for patent infringement. Roxane denies any and all remaining allegations of Paragraph 3, and specifically denies any infringement and/or wrongdoing.

4. Roxane has filed an Abbreviated New Drug Application (the "Roxane ANDA") under § 505(j) of the Federal Food, Drug, and Cosmetic Act (the "FFDCA"), to obtain approval to commercially manufacture and sell generic iloperidone tablets in their 1 mg, 2 mg, 4 mg, 6 mg, 8 mg, 10 mg, and 12 mg strengths for the treatment of schizophrenia.

**ANSWER:** Roxane admits that it filed an Abbreviated New Drug Application under § 505(j) of the Federal Food, Drug, and Cosmetic Act (the "FFDCA"), to obtain approval to commercially manufacture and sell generic iloperidone tablets in their 1 mg, 2 mg, 4 mg, 6 mg, 8 mg, 10 mg, and 12 mg strengths for the treatment of schizophrenia.

5. Roxane infringes claim 1 of the '432 patent under 35 U.S.C. § 271(e)(2)(A) by virtue of its filing of the Roxane ANDA, including its filing of any amendments or supplements thereto, seeking FDA approval to commercially manufacture, use, offer for sale, sell, distribute in, or import into the United States generic iloperidone for the treatment of schizophrenia prior to the expiration of the '432 patent, or any extensions thereof. Roxane will infringe claim 1 of the '432 patent under 35 U.S.C. § 271(a), (b), or (c) should it engage in, induce, or contribute to the commercial manufacture, use, offer for sale, sale, distribution in, or importation into the United

2

States of generic iloperidone for the treatment of schizophrenia according to the methods of the '432 patent prior to the expiration of that patent, or any extensions thereof.

**ANSWER:** Roxane denies the allegations of Paragraph 5.

### III.    **JURISDICTION AND VENUE**

6.    This Court has subject matter jurisdiction over Vanda's patent infringement claims under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**ANSWER:** Roxane admits that Vanda purports to bring this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.  The remaining allegations of Paragraph 6 contain legal conclusions to which no answer is required.

7.    This Court has personal jurisdiction over Roxane by virtue of the fact that, *inter alia*, Roxane has committed, induced, contributed to, aided, abetted, or participated in in the commission of the tortious act of patent infringement that has led to foreseeable harm and injury to Vanda, a Delaware corporation.  This Court has personal jurisdiction over Roxane for the additional reasons set forth below.

**ANSWER:** Paragraph 7 contains legal conclusions to which no answer is required.  To the extent an answer is required, Roxane does not contest personal jurisdiction in this judicial district for the limited purpose of this action.  Roxane denies any and all remaining allegations of Paragraph 7, and specifically denies any infringement and/or wrongdoing.

8.    This Court also has personal jurisdiction over Roxane, by virtue of, *inter alia*, its activities (*e.g.*, filing the Roxane ANDA with a Paragraph IV certification and sending notice of that Paragraph IV certification) that were purposefully directed to the State of Delaware.  Vanda is incorporated in Delaware, and thus the consequences of Roxane's actions were (and will be) suffered in Delaware.  Roxane knew or should have known that Vanda is a Delaware corporation

and thus Roxane knew or should have known that the consequences of its actions were (and will be) suffered in Delaware.

**ANSWER:** Paragraph 8 contains legal conclusions to which no answer is required. To the extent an answer is required, Roxane does not contest personal jurisdiction in this judicial district for the limited purpose of this action. Roxane denies any and all remaining allegations of Paragraph 8, and specifically denies any infringement and/or wrongdoing.

9.      This Court also has personal jurisdiction over Roxane because it was reasonably foreseeable that Roxane would be sued in this District where Vanda is organized and where related ANDA litigation over generic iloperidone, including litigation based on infringement of a patent in the same family as the '432 patent, namely U.S. Patent No. 8,586,610 ("the '610 patent"), had already been filed (C.A. Nos. 13-1973 (GMS); 14-757 (GMS) (consolidated)). Roxane knew that Vanda is a Delaware corporation and Roxane knew that there is related ANDA litigation over generic iloperidone, including litigation based on infringement of the related '610 patent, pending in Delaware.

**ANSWER:** Paragraph 9 contains legal conclusions to which no answer is required. To the extent an answer is required, Roxane does not contest personal jurisdiction in this judicial district for the limited purpose of this action. Roxane denies any and all remaining allegations of Paragraph 9.

10.      On information and belief, Roxane develops, manufactures, seeks approval for, and sells FDA-approved generic pharmaceutical drugs, which are being marketed, distributed, and sold in Delaware and throughout the United States. Thus, on information and belief, Roxane does substantial business in Delaware, derives substantial revenue from Delaware, and engages in other persistent courses of conduct in Delaware. These continuous and systematic contacts, including,

4

but not limited, to those described above and below, are more than sufficient for this Court to exercise personal jurisdiction over Roxane.

**ANSWER:** Roxane admits that it is in the business of manufacturing, inter alia, generic pharmaceutical drug products, and that it has received approvals from the FDA for drug products as reflected in FDA records. Roxane admits that it sells drug products in Delaware and the United States. Roxane denies any and all remaining allegations of Paragraph 10.

11. On information and belief, Roxane has previously availed itself of this forum for purposes of litigating its patent disputes. For example, Roxane has submitted to the jurisdiction of this Court by asserting counterclaims in other civil actions initiated in this jurisdiction. Specifically, Roxane admitted jurisdiction (for purposes of the litigation) and filed counterclaims in at least the following actions in this Court: *Vanda Pharms. Inc. v. Roxane Labs., Inc.*, 13-cv-1973 (D. Del.); *Eisai Co. v. Roxane Labs., Inc.*, 13-cv-1284 (D. Del.); *Glaxo SmithKline LLC v. Roxane Labs., Inc.*, 11-cv-542 (D. Del.); *Abbott Labs. v. Roxane Labs., Inc.*, 10-cv-998 (D. Del.).

**ANSWER:** Roxane admits that it has asserted counterclaims in other civil actions initiated against it in this judicial district. Roxane denies any and all remaining allegations of Paragraph 11.

12. On information and belief, Roxane, following any FDA approval of the Roxane ANDA, will sell the generic product that is the subject of the infringement claims in this action in the State of Delaware and throughout the United States.

**ANSWER:** Roxane is without information sufficient to form a belief as to the allegations of Paragraph 12, and on that basis denies them.

13. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 (b) and (c) and 1400(b).

5

**ANSWER:** Paragraph 13 contains legal conclusions to which no answer is required.  To the extent an answer is required, Roxane denies the allegations of Paragraph 13.

## IV.    THE PATENT-IN-SUIT – U.S. PATENT NO. 9,138,432

14.    The allegations of ¶¶ 1-13 are incorporated herein by reference.

**ANSWER:** The answers of ¶¶ 1-13 are incorporated herein by reference.

15.    Vanda is the owner of all rights, title and interest in the '432 patent, entitled "Methods for the Administration of Iloperidone."  The United States Patent and Trademark Office ("USPTO") duly and legally issued the '432 patent on September 22, 2015, to Curt D. Wolfgang and Mihael H. Polymeropoulos, which was assigned to Vanda.  A true and correct copy of the '432 patent is attached to this Complaint as Exhibit A.

**ANSWER:** Roxane denies that the '432 patent was duly and legally issued.  Roxane admits that what appears to be an accurate copy of the '432 patent is attached to Vanda's Complaint as Exhibit A.  Roxane admits that the USPTO issued the '432 patent on September 22, 2015, listing Curt Wolfgang and Mihael Polymeropoulos as inventors, and that the face of the '432 patent purports to identify Vanda Pharmaceuticals, Inc. as the assignee.  Roxane is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15 of the Complaint and on such basis denies them.

16.    The '432 patent claims "[a] method of decreasing a risk of QT prolongation in a patient being treated for schizophrenia with iloperidone, the method comprising:  administering to the patient a dose of iloperidone that is 24 mg/day if, and because, the patient is not being treated with fluoxetine; and administering to the patient a dose of iloperidone that is 12 mg/day if, and because, the patient is being treated with fluoxetine."

**ANSWER:** Roxane states that the claims of the '432 patent speak for themselves. Roxane denies the remaining allegations of Paragraph 16.

17.     On May 6, 2009, FDA approved Vanda's new drug application 22-192 for FANAPT® (iloperidone oral tablets) in their 1 mg, 2 mg, 4 mg, 6 mg, 8 mg, 10 mg, and 12 mg strengths under § 505(b) of the FFDCA, 21 U.S.C. § 355(b), for the treatment of schizophrenia ("FANAPT® NDA").

**ANSWER:** Upon information and belief, Roxane admits that new drug application 22-192 was approved by the FDA on May 6, 2009 for FANAPT® (iloperidone oral tablets) in their 1 mg, 2 mg, 4 mg, 6 mg, 8 mg, 10 mg, and 12 mg strengths under § 505(b) of the FFDCA, 21 U.S.C. § 355(b), for the treatment of schizophrenia. Roxane is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 of the Complaint, and on that basis denies such allegations.

18.     The prescribing information for FANAPT® ("FANAPT® Label") instructs physicians that "The maximum recommended dose is 12 mg twice daily (24 mg/day)" and that "FANAPT dose should be reduced by one-half [*i.e.*, the dose should be reduced to 6 mg twice daily (12 mg/day)] when administered concomitantly with strong CYP2D6 inhibitors such as fluoxetine or paroxetine."

**ANSWER:** Roxane states that the approved prescribing information for FANAPT® speaks for itself, and to the extent that the allegations of paragraph 18 vary therewith, Roxane denies them. Roxane otherwise denies any and all remaining allegations of Paragraph 18.

19.     On information and belief, the Roxane ANDA essentially copies the FANAPT® Label as required by FDA, *see* 21 C.F.R. § 314.94(a)(iv), and therefore instructs physicians to

7

administer either the maximum recommended dose of 24 mg/day if the patient is not being treated with fluoxetine or a halved dosage of 12 mg/day if the patient is being treated with fluoxetine.

**ANSWER:** Paragraph 19 contains legal conclusions to which no answer is required. To the extent an answer is required, Roxane admits that, subject to other statutory and regulatory provisions and FDA practices, Roxane's label must comply with 21 C.F.R. § 314.94(a)(iv). Roxane denies all remaining allegations of Paragraph 19, and specifically denies any infringement and/or wrongdoing.

20.    Thus, the use of FANAPT® (iloperidone oral tablets) and any generic iloperidone for the treatment of schizophrenia is covered by the '432 patent, and Vanda has the right to enforce the '432 patent.

**ANSWER:** Roxane denies the allegations of Paragraph 20.

21.    FDA listed the '432 patent in the Orange Book for FANAPT® in its 1 mg, 2 mg, 4 mg, 6 mg, 8 mg, 10 mg, and 12 mg strengths on September 23, 2015.

**ANSWER:** Roxane is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and on that basis denies them.

**COUNT I**
**(INFRINGEMENT OF THE '432 PATENT)**

22.    The allegations of ¶¶ 1-21 are incorporated herein by reference.

**ANSWER:** The answers of ¶¶ 1-21 are incorporated herein by reference.

23.    Roxane filed the Roxane ANDA under § 505(j) of the FFDCA to obtain approval to commercially manufacture, use, offer to sell, and sell generic iloperidone for the treatment of schizophrenia before the expiration of the '432 patent, and any extensions thereof.

**ANSWER:** Upon information and belief, Roxane admits that Roxane filed the Roxane ANDA under § 505(j) of the FFDCA to obtain approval to commercially manufacture, use, offer

8

to sell, and sell generic iloperidone oral tablets, and has requested FDA approval to be granted prior to the expiration of the '432 patent.  Roxane denies the remaining allegations of Paragraph 23.

24.     On information and belief, Novartis Pharmaceutical Corp. ("Novartis") received a letter dated October 17, 2013, stating that Roxane had filed the Roxane ANDA seeking approval to manufacture, use, offer to sell, and sell generic iloperidone in its 1 mg, 2 mg, 4 mg, 6 mg, 8 mg, 10 mg, and 12 mg strengths for the treatment of schizophrenia before the expiration of U.S. Patent No. RE39,198 (the '198 patent).  Because the '198 patent expires before the '432 patent will expire, Roxane's assertion that it intends to begin manufacture, use, sale, and offer for sale of generic iloperidone before the expiration of the '198 patent confirms that it will also begin manufacture, use, sale, and offer for sale of generic iloperidone before the expiration of the '432 patent.

**ANSWER:** Upon information and belief, Roxane admits that Roxane sent a letter to Novartis dated October 17, 2013, stating that Roxane had filed an ANDA seeking approval to manufacture, use, offer to sell, and sell generic iloperidone oral tablets in their 1 mg, 2 mg, 4 mg, 6 mg, 8 mg, 10 mg, and 12 mg strengths, and had requested the FDA to approve the application prior to the expiration of the '198 patent.  Roxane admits that the '198 patent expires before the '432 patent is presently slated to expire.  Roxane denies the remaining allegations of Paragraph 24.

25.     On information and belief, the Roxane ANDA essentially copies the FANAPT® Label as required by FDA, *see* 21 C.F.R. § 314.94(a)(iv), and therefore instructs physicians to administer either the maximum recommended dose of 24 mg/day if the patient is not being treated with fluoxetine or a halved dosage of 12 mg/day if the patient is being treated with fluoxetine.

**ANSWER:** Paragraph 25 contains legal conclusions to which no answer is required.  To the extent an answer is required, Roxane admits that, subject to other statutory and regulatory provisions and FDA practices, Roxane's label must comply with 21 C.F.R. § 314.94(a)(iv). Roxane denies all remaining allegations of Paragraph 25, and specifically denies any infringement and/or wrongdoing.

26.    Roxane infringes the '432 patent under 35 U.S.C. § 271(e)(2)(A) by virtue of its submission of the Roxane ANDA, including any amendments or supplements thereto, to FDA for generic iloperidone in its 1 mg, 2 mg, 4 mg, 6 mg, 8 mg, 10 mg, and 12 mg strengths for the treatment of schizophrenia, which are covered by claim 1 of the '432 patent.

**ANSWER:** Roxane denies the allegations of Paragraph 26.

27.    Roxane's participation in, contribution to, inducement of, aiding or abetting the submission of the Roxane ANDA to FDA constitutes direct, contributory, or induced infringement of claim 1 of the '432 patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:** Roxane denies the allegations of Paragraph 27.

28.    Vanda seeks entry of an order pursuant to 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of any FDA approval of the Roxane ANDA be a date that is not earlier than the expiration of the '432 patent, or any later expiration of exclusivity for the '432 patent to which Vanda becomes entitled.

**ANSWER:** Paragraph 28 contains a prayer for relief to which no answer is required.  To the extent an answer is required, Roxane denies the allegations of Paragraph 28, and specifically

denies that Vanda is entitled to any relief based on the '432 patent, including any order pursuant to 35 U.S.C. § 271(e)(4).

29.     Vanda will be irreparably harmed if Roxane is not enjoined from infringing or actively inducing or contributing to infringement of claim 1 of the '432 patent.  Pursuant to 35 U.S.C. § 283, Vanda is entitled to a permanent injunction against further infringement.  Vanda does not have an adequate remedy at law.

**ANSWER:** Roxane denies the allegations of Paragraph 29.

30.     To the extent Roxane commercializes its product, Vanda will also be entitled to damages under 35 U.S.C. § 284.

**ANSWER:** Roxane denies the allegations of Paragraph 30.

**COUNT II**
**(DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '432 PATENT)**

31.     The allegations of ¶¶ 1-30 are incorporated herein by reference.

**ANSWER:** The answers of ¶¶ 1-30 are incorporated herein by reference.

32.     On information and belief, Roxane intends to, and will manufacture, use, offer to sell, or sell within the United States, or import into the United States, generic iloperidone in its 1 mg, 2 mg, 4 mg, 6 mg, 8 mg, 10 mg, and 12 mg strengths immediately and imminently upon FDA approval of the Roxane ANDA.

**ANSWER:** Paragraph 32 contains legal conclusions to which no answer is required.  To the extent that Paragraph 32 is deemed to contain factual allegations, Roxane is without information sufficient to form a belief as to the allegations of Paragraph 32, and on that basis denies them.

33.     If Roxane manufactures, uses, offers to sell, or sells within the United States, or imports into the United States, generic iloperidone in its 1 mg, 2 mg, 4 mg, 6 mg, 8 mg, 10 mg,

11

and 12 mg strengths prior to the expiration of the '432 Patent for the methods of use claimed in that patent, Roxane will infringe claim 1 of the '432 Patent under 35 U.S.C. § 271 (a), (b), and/or (c).

**ANSWER:** Roxane denies the allegations of Paragraph 33.

34.   An actual controversy has arisen and now exists between the parties concerning whether Roxane's generic iloperidone will infringe claim 1 of the '432 Patent.

**ANSWER:** Paragraph 34 contains legal conclusions to which no answer is required.  To the extent that Paragraph 34 is deemed to contain factual allegations, Roxane admits that there is an actual controversy between the parties concerning the '432 patent.  Roxane denies the remaining allegations of Paragraph 34, and specifically denies any infringement and/or wrongdoing.

35.   An actual controversy has also arisen and now exists between the parties concerning whether Roxane's filing of the Roxane ANDA will infringe 35 U.S.C. § 271(e)(2)(A) if Roxane amends the Roxane ANDA after the '432 Patent issued and was timely listed in the Orange Book and/or if Roxane issues a Paragraph IV certification regarding the '432 Patent.

**ANSWER:** Paragraph 35 contains legal conclusions to which no answer is required.  To the extent that Paragraph 35 is deemed to contain factual allegations, Roxane admits that there is an actual controversy between the parties concerning the Roxane ANDA.  Roxane denies the remaining allegations of Paragraph 35, and specifically denies any infringement and/or wrongdoing.

36.   Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., the Court has the power to, and should, declare the rights of the parties regarding any infringement by Roxane of the '432 Patent.

12

**ANSWER:** Paragraph 36 contains a prayer for relief to which no answer is required. To the extent an answer is required, Roxane denies the allegations of Paragraph 36, and specifically denies that Vanda is entitled to any relief based on the '432 patent, including any declaration pursuant to 28 U.S.C. § 2201.

## RESPONSE TO PRAYER FOR RELIEF

The remainder of the Complaint consists of Vanda's Prayer for Relief, which requires no response. To the extent that a response is required, Roxane denies that Vanda is entitled to any relief.

## DEFENSES

As for its defenses, Roxane alleges as follows:

### First Defense
(Failure to State a Claim)

1.    Vanda's purported claims are barred because they fail to state a claim upon which relief can be granted.

### Second Defense
(Non-Infringement)

2.    Roxane is not infringing, has not infringed, and is not and will not be liable for infringing any valid claim of the '432 patent either directly or by inducing others to infringe or by contributing to infringement by others.

### Third Defense
(Patent Invalidity)

3.    Vanda's purported claims of patent infringement are barred because the '432 patent is invalid pursuant to 35 U.S.C. §§ 101, 102, 103, 112, and/or the doctrine of obviousness-type double patenting.

13

**Fourth Defense**
(Prosecution History Estoppel)

4.     Any claim of infringement of the '432 patent under the doctrine of equivalents would be limited by prosecution history estoppel.

Respectfully submitted,

OF COUNSEL:                                    POTTER ANDERSON & CORROON LLP

Kenneth G. Schuler
Emily C. Melvin                                By:  /s/ David E. Moore
Timothy J. O'Brien                                  David E. Moore (#3983)
LATHAM & WATKINS LLP                               Bindu A. Palapura (#5370)
330 North Wabash Avenue, Suite 2800                Stephanie E. O'Byrne (#4446)
Chicago, IL  60611                                 Hercules Plaza, 6th Floor
Tel:  (312) 876-7700                               1313 N. Market Street
                                                   Wilmington, DE  19801
Michael R. Seringhaus                              Tel:  (302) 984-6000
LATHAM & WATKINS LLP                               dmoore@potteranderson.com
140 Scott Drive                                    bpalapura@potteranderson.com
Menlo Park, CA 94025                               sobyrne@potteranderson.com
Tel:  (650) 328-4600

Melissa Brand                                  *Attorneys for Defendant Roxane Laboratories,*
LATHAM & WATKINS LLP                           *Inc.*
John Hancock Tower, 27th Floor
200 Clarendon Street
Boston, MA  02116
Tel:  (617) 948-6000

Dated:  December 28, 2015
1212800 / 42949

14